# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02355-REB-MEH

RICHARD D. SPENCER,

    Plaintiff,

v.

CAPITAL SAFETY USA d/b/a DBI-SALA PROTECTA;
D B INDUSTRIES, LLC; and
JOHN DOES 1-10.

    Defendants.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby agreed by and between the parties, and Ordered by the Court, that the following provisions concerning the confidential treatment of documents, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, and other responses to discovery requests, shall apply in the above-captioned matter.

    1.    Documents produced by either the Plaintiff or Defendant (individually referred to as a "Party" or collectively as the "Parties") to this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "CONFIDENTIAL" shall only be used, shown, disseminated, or disclosed as provided in this Protective Order.

    2.    As used in this Protective Order, the term "documents" means all materials as defined in Federal Rule of Civil Procedure 34(a).

3. Prior to designating any material as "CONFIDENTIAL," a Party is required to review the material and designate only that information it believes in good faith is confidential or otherwise entitled to protection. Information designated as "CONFIDENTIAL" shall be entitled to the protections afforded by this Protective Order unless the designation is objected to in writing by an opposing Party. A Party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection by mutual agreement within ten (10) business days after the time the written notice is received, it is the obligation of the Party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

4. The designation of Protected Documents may be made by marking or placing the notice "CONFIDENTIAL" or substantially similar notice, on the document.

5. Protected Documents and any copies thereof received by a "Qualified Person" as set forth in paragraph 6, below, shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

- (a) Counsel of Record for the parties and the parties;
- (b) Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;
- (c) Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Defendant;
- (d) The Court, the Court's staff, witnesses and the jury of this case; and,
- (e) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.
- (f) Deponents, witnesses, or potential witnesses; and
- (g) Other persons by written agreement of the Parties.

7. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c), (e), (f), and (g) above shall be provided with a copy of this Protective Order and execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received

Protected Documents for inspection by the Court and, upon order of the Court, Counsel of Record for the Parties.

8. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

9. Any stenographic reporter who records or transcribes testimony in this action shall agree that all "CONFIDENTIAL" information designated as such under this Protective Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to Counsel of Record.

10. Nothing contained in this Protective Order shall prevent any Party from making disclosures beyond its terms if (a) the producing Party of confidential information or documents consents in writing to such disclosure, or (b) such disclosure is otherwise required by lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

11. Any Party may utilize confidential information or documents produced in this matter as part of any motion, affidavit, brief, memorandum of law, or other document filed with the Court in this litigation provided that any such information or documents utilized shall be marked "CONFIDENTIAL" and filed and served in

accordance with D.C.COLO.L.Civ.R 7.2, with Level 1 Restricted Access, and shall be maintained under seal by the Court.

12.     Nothing in this Protective Order shall be deemed to control the manner in which the Protected Documents should be handled at Trial or on Appeal.  Such matters shall be decided at a later date.  The production or disclosure of confidential information or documents, whether done voluntarily, through discovery, or by order of the Court, does not constitute a waiver of any Party's right to object to the admission or use of such confidential information at a hearing or at the trial of this matter.  Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to confidential information and documents shall be subject to the provisions of this Protective Order.

13.     Inadvertent or unintentional production of documents or information containing information which should have been designated as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality.

14.     This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Parties. If any provisions of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15.     After termination of this litigation, the provisions of this Order shall continue to be binding.  No Qualified Person or other recipient of confidential information and documents shall copy, duplicate, or otherwise retain any confidential information or documents other than for use solely for purposes of this litigation.  Within sixty (60) days from the date of entry of final judgment or order of dismissal in this

litigation, each Qualified Person or recipient of any confidential information and documents shall return to counsel for the producing party any all copies of confidential information and documents, or the persons may elect to destroy confidential documents and information. In the event the Parties agree to destroy confidential information and documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

16. Nothing in this Protective Order shall affect the right of any Party to make objections or provide other responses permitted by the Federal Rules of Civil Procedure to any interrogatory, request for production, request for admission, question at a deposition, or other discovery request, except for matters of confidentiality which have been addressed in this Protective Order. Nothing in this Protective Order shall constitute a ruling on such objection or other response made by a Party.

17. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

18. All persons described in paragraph 6 above shall not under any circumstance sell or offer for sale either the Protected Documents or the confidential information contained therein. This paragraph does not prohibit disclosure of the fact that Protected Documents are possessed (as distinguished from disclosure of the substance of such documents) to potential Qualified Persons so long as the provisions

of this Protective Order are complied with in full prior to disclosure of the actual Protected Documents or confidential information.

19.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this 5th day of February, 2016.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              United States Magistrate Judge

**EXHIBIT A**

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02355-REB-MEH

RICHARD D. SPENCER,

    Plaintiff,

v.

CAPITAL SAFETY USA d/b/a DBI-SALA PROTECTA;
D B INDUSTRIES, LLC; and
JOHN DOES 1-10.

    Defendants.

**WRITTEN ASSURANCE**

    Affidavit of _____, being duly sworn and personally appearing before the undersigned notary public, duly authorized by law to administer oaths, deposes and states that the within statements are true and correct.

    1.    I have read the Protective Order attached hereto and I understand its terms and meanings.

    2.    I agree that my signature below submits me to the jurisdiction of the United States District Court for the District of Colorado where the case styled *Richard Spencer v. Capital Safety USA d/b/a DBI-SALA Protecta,* District Court of Colorado, 901 19th Street, Denver, Colorado, Case No. No. 1:15-cv-02355-REB-MEH is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if original agreed to by me.

    3.    I agree that within sixty (60) days from the date of entry of final judgment or order of dismissal in this litigation, I will return to counsel for the producing party any all copies of confidential information and documents, or destroy confidential documents

and information.  In the event I agree to destroy confidential information and documents, I will provide all Parties with an affidavit confirming the destruction.

FURTHER SAYETH AFFIANT NOT.

_____, Signature

_____, Please print name

Subscribed and sworn to before me by _____ this \_\_\_\_\_ day of _____, 20\_\_\_\_.

My Commission Expires:

_____
Notary Public